IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                        No. CR S-02-163 KJM

    vs.

RICK GREGORY JACKSON,

        Defendant.                 <u>ORDER</u>

_____/

        On November 4, 2003, the court sentenced defendant to a term of twenty-five months imprisonment, followed by a three year period of supervised release. ECF No. 36.

        In September 2006, the Probation Office filed a supervised release violation petition, alleging that defendant had failed to participate in drug treatment and recommending his participation in weekly substance abuse meetings and the Probation Office's Intermediation Sanction Program (ISP); the court approved this recommendation. ECF No. 55. On February 13, 2007, the Probation Office filed a second supervised release violation petition, alleging that defendant had failed to submit to drug testing and had tested positive for an unlawful controlled substance, namely methamphetamine. ECF No. 56. On April 24, 2007, the court modified the terms of defendant's term of supervised release and ordered defendant to report to a residential drug treatment program. ECF Nos. 67, 68.

1

In September 2008, the Probation Office filed a third violation petition alleging that defendant had used marijuana and failed to report for drug testing. ECF No. 69. The court ordered a period of electronic monitoring, community service, participation in the ISP and in a drug counseling program. ECF Nos. 75, 76.

On January 6, 2009, Sacramento police arrested defendant for Receiving Stolen Property; Making and/or Passing Fictitious Checks; Obstructing and/or Resisting Arrest; Possession of Controlled Substance Paraphernalia; Felon in Possession of a Stun Gun; and Unlawful Possession of Methamphetamine. ECF No. 77 at 5.[1] At the request of the Probation Office, the previously assigned district judge issued a no-bail bench warrant for defendant's arrest. *Id.* at 8; ECF No. 78.

On September 24, 2009, a judge of the Sacramento County Superior Court sentenced defendant to an eight year term in state prison following his conviction on a variety of fraud charges. *See* ECF No. 79 at 6.

Defendant has now asked that the federal detainer lodged against him be removed and that his term of supervised release be terminated so that he can "seek acceptance at a residential treatment center" when released from state prison. Declaration of Rick G. Jackson, ECF No. 79 at 4 ¶ 10. The government has opposed the request.

A district court has the authority to discharge a defendant from a term of supervised release or modify conditions in order to account for new circumstances. *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). It is the defendant's burden to demonstrate that the proposed change is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). Courts generally reject requests for early termination in the absence of exceptionally good behavior during the release period. *United States v. Grossi*, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (listing cases).

---

[1] Page references are to those assigned by the court's EM/ECF system.

Under 18 U.S.C. § 3583(e), a court is to consider a number of factors in determining whether to terminate supervision early. Among them are the history and characteristics of the defendant, his need for medical care or other correctional treatment in the most efficient manner, and the need to protect the public. *See* 18 U.S.C. § 3553. In this case, the court does not doubt that defendant needs intensive drug treatment, but notes that he has been unable to successfully complete a program while on supervised release despite being given numerous chances. In addition, he continued to commit crimes despite the fact that he was under federal supervision. These factors alone show that termination of defendant's supervised release is not appropriate.

IT IS THEREFORE ORDERED that defendant's motion for termination of his supervised release (ECF No. 79) is denied.

DATED: May 2, 2011.

_____
UNITED STATES DISTRICT JUDGE